**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SHANE ENGLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-2362-JTM |
| ) | |
| TOBY RAY COX and PPC ) | |
| TRANSPORTATION COMPANY, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the court on defendants' motion to amend their comparative fault designation to add George Gibby as a person whose fault should be compared with defendants. (Doc. 40). Plaintiff opposes the motion and for the reasons set forth below, the motion shall be DENIED.

**Background**

This is a personal injury action based on a train accident at a grade crossing. Highly summarized, plaintiff alleges that he was injured while riding in a locomotive engine that struck a commercial truck driven by Toby Cox. Plaintiff contends that the rear axle of Cox's semi-trailer was on the railroad tracks at the time of the accident and that his negligence

caused the accident.

## Motion to Amend Comparative Fault Designation

The scheduling order established **December 15, 2011** as the deadline for any party asserting comparative fault to "identify any persons or entities whose fault is to be compared." (Doc. 10, p. 8). Defendants filed their designation on **October 13, 2011** and listed: (1) the Union Pacific Railroad, (2) the Kansas Department of Transportation, and (3) the City of Neodesha as entities whose negligence or "fault" should be considered in apportioning fault in this case.[1] On **May 5, 2012**, plaintiff moved for partial summary judgment and requested a finding that Mr. Cox and PPC Transportation "were solely liable for plaintiff's injuries and damages" from the collision. After reviewing plaintiff's motion and reply brief, defendants moved on **June 19, 2012** to amend their comparative fault designation to add George Gibby as a person whose fault should be compared.[2]

Plaintiff objects to the belated addition of George Gibby as a person whose fault should be compared, arguing that the designation is untimely and unfair. The court agrees. As noted above, the scheduling order established a **December 15, 2011** deadline for

---

[1] The "designation" also included "any engineers hired, retained, or employed by those entities which designed the crossing and crossing guards at the location where the accident occurred."

[2] Mr. Cox was stopped behind a vehicle driven by Mr. Gibby when the accident occurred. Mr. Gibby was apparently waiting for another train on a second track to pass before proceeding.

identifying the persons or entities whose fault should be compared in this case. Fed. R. Civ. P. 16(b)(4) provides that the scheduling order "may be modified **only for good cause** and with the court's consent." (emphasis added). Defendants make no proffer of "good cause" and instead argue that the addition of Gibby is permissible because they "reserved" the right to add persons or entities in their original October 2011 designation of persons or entities.

Defendants' suggestion that they are not bound by a deadline in the scheduling order because they "reserved" the right to amend their response is a spurious argument and summarily rejected. Moreover, Mr. Gibby was identified in the original police report and Rule 26(a)(1) disclosures and he is not a "recently discovered" person. Defendants have not shown good cause to add Mr. Gibby at this late date by merely "reserving" a right to designate additional persons whose fault might be compared in this case.

Defendants also argue that they should be allowed to add Mr. Gibby after reading plaintiff's reply brief related to the motion for summary judgment. While not entirely clear, defendants appear to argue that plaintiff contends in his summary judgment motion that there is no defect in the design of the railroad crossing. Defendants assert that if there is no defect in the railroad crossing design, then Mr. Gibby <u>must</u> have been negligent for stopping to wait at the second railroad track and his fault should therefore be compared.[3]  This tortured reasoning does not show good cause for the untimely designation of Mr. Gibby as a person

---

[3] Defendants devote the majority of their brief to arguments that the negligent design of the railroad crossing contributed to the accident. Such arguments have no relevance to their request to belatedly designate another person whose "fault" should be compared.

-3-

whose fault should be compared. As noted above, Mr. Gibby, his statements to police, and the location of his vehicle were known to defendants before the December 15, 2011 deadline. Arguments in plaintiff's reply brief are not "newly discovered evidence" or "good cause" for allowing defendants to belatedly designate a new person whose fault should be compared. Accordingly, defendants' motion shall be DENIED.

**IT IS THEREFORE ORDERED** that defendants' motion to amend their comparative designation **(Doc. 40)** is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 9th day of July 2012.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge