IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHANE ENGLAND,

        Plaintiff,

        vs.                            Case No. 11-2362-JTM

TOBY RAY COX, *and*
PPC TRANSPORTATION COMPANY,
    a Delaware Corporation,

        Defendants.

MEMORANDUM AND ORDER

On August 6, 2012, this court granted the Motion for Partial Summary Judgment of plaintiff Shane England, a passenger in a Union Pacific Railroad train who allegedly suffered injuries when the train struck a semi truck, driven by Cox, which had stopped on the line. The court determined that Cox and his employer PPC Transportation were solely responsible for the accident, that Cox was negligent *per se* under the facts of the case for failing to clear the crossing, and that federal law regarding railroad crossings preempted Kansas state law, thereby preventing any basis for the defendants to compare fault based upon the crossing design. As a result, the extent of England's damages is the only issue remaining for the imminent September 25 trial.

On August 20, 2012, after employing new counsel and moving to continue the trial, Cox and PPC moved for reconsideration of the court's Order. The defendants have also moved to reopen discovery on a broad front. The court finds the defendants' Motion for Reconsideration is without merit, and is denied.

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but

reconsideration, and may be granted if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A movant must show that new and decisive evidence has come available for the first time, that the law has changed, or the need to correct a clear error of law or to prevent manifest injustice. *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The court's rulings were well grounded in the law and the facts presented by the summary judgment pleadings. The defendants' motion, an eleventh-hour attempt to re-litigate the case by presenting new facts and new arguments which could have been presented in their response to England's summary judgment motion, does not meet this standard. The defendants have failed to show any evidence which was not available through due diligence, and have failed to show clear error or manifest injustice. Indeed, the interests of justice are disserved by permitting losing parties to present a series of revolving arguments through successive pleadings.[1]

The court properly determined that federal law preempts any hypothetical fault comparison here, because "the regulations issued by the Secretary cover the subject matter" of the adequacy of warning devices. *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 665 (1993). The defendants cannot circumvent this preemption by simply attacking the "sychronization or integration" of warning devices at the crossing, since these are elements of the general subject of the adequacy of the warning. The defendants' "synchronization or integration" argument also fails in light of the

---

[1] Which, in this case, also includes the defendants' Motion for Leave to File a Surreply (Dkt. 42), which the court specifically denied in its Order, finding that the proposed surreply, with its new arguments and new facts, "falls far short of t[he] high standard" for such disfavored pleadings. (Dkt. 58, at 3 n.1).

evidence before the court showing that federal authorities approved the crossing upgrades after synchronization devices were installed.

Dr. Glennon's unsworn opinion, relied upon by the defendants, does not affect the outcome because it is irrelevant. That report purports to demonstrate that the warning devices at the crossing are inadequate, but this is an issue preempted by federal regulations and approval of the crossing project. The court also properly determined that Cox's actions were the sole proximate cause of the accident in light of the facts of the case and his violation of K.S.A. 8-1584, which requires drivers to refrain from crossing railroad tracks unless they are certain to safely clear them.

IT IS ACCORDINGLY ORDERED this 30th day of August, 2012, that the defendants' Motion for Reconsideration (Dkt. 66) is hereby denied.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE